JTW: 06.22.21
MD USAO 2017R00483

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. RDB 20-139 |
| v. | * | |
| | * | (Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841; Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of Another, 18 U.S.C. § 924(c) and (j)(1); Killing a Witness to Prevent Communication to Law Enforcement, 18 U.S.C. § 1512(a)(1)(C); Aiding and Abetting, 18 U.S.C. § 2; and Forfeiture, 18 U.S.C. §§ 924(d) and 981(a)(1)(c), 21 U.S.C. § 853, 28 U.S.C. § 2461) |
| ANDRE RICARDO BRISCOE, a/k/a "Poo," and KIARA HAYNES | * | |
| Defendants | * | |

*******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning no later than March 2015 and continuing until in or about October 2015, in the District of Maryland and elsewhere, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

1

did knowingly combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that: .

On or about May 27, 2015, in the District of Maryland, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

knowingly and intentionally possessed with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 27, 2015, in the District of Maryland, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit: one Para-Ordnance, .45 caliber pistol bearing serial number RK8433, and approximately five rounds of .45 caliber Winchester brand ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

## COUNT FOUR
### (Use and Carry of a Firearm During and In Relation to A Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 27, 2015, in the District of Maryland, the defendants,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo," and
**KIARA HAYNES,**

unlawfully and knowingly, during and in relation to

(i) the drug trafficking crime alleged in Count One of this Superseding Indictment, for which a defendant may be prosecuted in a court of the United States;

(ii) the drug trafficking crime alleged in Count Two of this Second Superseding Indictment, for which a defendant may be prosecuted in a court of the United States; and,

(iii) a crime of violence for which a defendant may be prosecuted in a court of the United States, specifically, affecting commerce by robbery, in violation of 18 U.S.C. § 1951(a),

used and carried a firearm, and possessed a firearm in furtherance of said crimes, and did aid and abet said use, carry and possession, in violation of 18 U.S.C. § 924(c), and in the course of that violation, caused the death of Jennifer Jeffrey through the use of a firearm, which killing was murder, as defined in 18 U.S.C. § 1111.

18 U.S.C. § 924(c) and (j)(1)
18 U.S.C. § 2

## COUNT FIVE
### (Use and Carry of a Firearm During and In Relation to
### A Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 27, 2015, in the District of Maryland, the defendants,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo," and
**KIARA HAYNES,**

unlawfully and knowingly, during and in relation to

(i) the drug trafficking crime alleged in Count One of this Second Superseding Indictment, for which a defendant may be prosecuted in a court of the United States;

(ii) the drug trafficking crime alleged in Count Two of this Second Superseding Indictment, for which a defendant may be prosecuted in a court of the United States; and,

(iii) a crime of violence for which a defendant may be prosecuted in a court of the United States, specifically, affecting commerce by robbery, in violation of 18 U.S.C. § 1951(a),

used and carried a firearm, and possessed a firearm in furtherance of said crimes, and did aid and abet said use, carry and possession, in violation of 18 U.S.C. § 924(c), and in the course of that violation, caused the death of K.B., Jennifer Jeffrey's seven-year-old child, through the use of a firearm, which killing was murder, as defined in 18 U.S.C. § 1111.

18 U.S.C. § 924(c) and (j)(1)
18 U.S.C. § 2

## COUNT SIX
### (Killing a Witness to Prevent Communication to Law Enforcement)

The Grand Jury for the District of Maryland further charges that:

On or about May 27, 2015, in the District of Maryland, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

unlawfully, knowingly, and intentionally killed a person, with the intent to prevent the communication by any person to a law enforcement officer information related to the commission and possible commission of a federal offense, namely, the defendant killed Jennifer Jeffrey's seven-year-old child, K.B., by shooting K.B. multiple times, including in the head and mouth, which killing was first-degree murder as defined in 18 U.S.C. § 1111(a).

18 U.S.C. § 1512(a)(1)(C) and (a)(3)(A)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The grand jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), as a result of the defendant(s) convictions under Counts One through Five of this Second Superseding Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offenses set forth in Counts One and Two of this Second Superseding Indictment, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and,

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offenses set forth in Counts Three and Four of this Second Superseding Indictment, the defendants,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo," and
**KIARA HAYNES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including, but not limited to, one Para-Ordnance,

.45 caliber pistol bearing serial number RK8433, and approximately five rounds of .45 caliber Winchester brand ammunition.

### Witness Tampering Forfeiture

3.  Upon conviction of the offense set forth in Count Five of this Second Superseding Indictment, the defendant,

**ANDRE RICARDO BRISCOE,**
a/k/a "Poo,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

4.  If, as a result of any act or omission of any defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461

Jonathan F. Lenzner / DJB
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 6/23/21