IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB 20-0139 |
| ANDRE BRISCOE | * | |

\* \* \*

**PARTIAL OPPOSITION TO GOVERNMENT'S MOTION FOR REVISED SCHEDULING ORDER AS TO DEFENDANT BRISCOE**

COMES NOW, Andre Briscoe, by and through undersigned counsel, and opposes in part Government's Motion for Revised Scheduling Order as to Defendant Briscoe. In support thereof, Mr. Briscoe states as follows:

1. Mr. Briscoe was arrested on May 20, 2020 via Complaint and a Superseding Indictment was handed down on July 7, 2020 with two death eligible counts. This Court initially set a trial date for January 2021. By letter order dated December 3, 2020, this Court ordered the parties to submit a joint scheduling order that, among other dates, included a date in which the government was to provide notice of its intention to seek the death penalty.

2. On January 27, 2021, this Court issued a scheduling order that included a provision that the defense present mitigation to the United States Attorney's Office by June 25, 2021 and that the government notify the Court of its intentions regarding the death penalty by August 6, 2021.

3. The government filed a Motion to Extend Filing Time For Responses at ECF 85. That motion related only to the deadline for responses and replies to the

motions filed on behalf of Mr. Briscoe at ECF 69-74.[1] At the same time, the government requested a proposed schedule for all deadlines and sent that via email with a request for a status hearing.  Via email, the defense objected to a delay in the current August 6, 2021 deadline for the government to file notice of its intent to seek the death penalty.  On July 20, 2021 a status conference was held and the Court's Order, ECF 87, was filed that day.  The government has now filed a Motion for Revised Scheduling Order as to Defendant Briscoe proposing different dates than those originally proposed in the proposed Scheduling Order submitted via email to the Court and attached here as Exhibit 1.

4. In its current Motion for Revised Scheduling Order as to Defendant Briscoe, the government does not indicate that it took any action regarding the death penalty and the ensuing dates until after the defense met with the Acting United States Attorney to comply with the order to present mitigation to the United States Attorney.[2] The meeting occurred 3 days before the June 25, 2021 deadline.  The government notes in its current motion, ECF 88, point 5, that within days of the June 22 meeting, it began to coordinate a meeting between defense counsel and DOJ.  The government further asserts as its sole reason for requesting a delay in providing notice of the death penalty, that the DOJ "will not be able to satisfy, before the end of August, its internal procedural requirements" in order to decide whether to seek the death penalty.  *ECF 88, point 6.*

---

[1] After a status conference, this Court denied the government's motion filed at ECF 85 and required the government to file a new motion, now filed at ECF 88.

[2] The practice of the United States Attorney's Office has been to invite counsel in to provide mitigation before submitting any recommendation to the Department of Justice (hereinafter DOJ) regarding seeking the death penalty.  While the burden is not upon the defense to provide mitigation to anyone but for a jury if death is sought, the defense was concerned because no invite had been extended. In order to show good faith compliance with the Court's order, the defense asked whether they could meet with the Acting United States Attorney.  Upon information and belief, no action had been taken to involve the Department of Justice until after the June 25, 2020 meeting with the defense.  Thus, the government knew of its obligations in this case from July 1, 2020 when the Superseding Indictment was handed down but did not begin the internal "practice" set in place at the Department of Justice for a death penalty decision until over 11 months later.  In addition, the deadline of August 6, 2021 was set on January 27, 21, some 5 months prior to seemingly beginning this internal DOJ practice.

They further note that there is a "practice" that must be followed and essentially, they need more time to follow their internal practice. The government contends, however, that DOJ has informed them that they can't finalize the internal "practice" until October 1, 2021. *ECF 88, point 8.* The government now seeks a delay until September 1, 2021, a date that they recognize DOJ still cannot finalize their internal practice and meet the deadline.

5. The defense does not object to the dates proposed by the government *except for* a delay from August 6, 2021 to September 1, 2021. The parties have, however, reached an agreement to amend the dates proposed by the government for the filing of capital motions, government's response, and defendant's reply. Those new proposed dates are set forth with the other agreed upon dates in Exhibit 2, entitled Third Proposed Revisions to Scheduling Order.[3]

6. Mr. Briscoe asserts the delay in the date for the government's deadline to provide notice of the death penalty is now frivolous, given the government's own assertion they cannot meet a September 1, 2021 deadline.

7. The delay in a decision of whether to seek the death penalty simply because the United States government cannot finalize its own internal practice within the case. Nor should the government's failure be allowed to impose additional prejudice upon Mr. Briscoe. The request to delay notice of the death penalty prejudices Mr. Briscoe by continuing unnecessarily the burdens occasioned upon him by the sword of the death penalty lingering over his head. *See, United States v. McGriff*, 427 F. Supp. 2d 253, 269 (E.D.N.Y. 2006)( noting prejudice can be found in the delay of trial context when the

---

[3] For clarity, the first proposed dates are now attached as Exhibit 1 and were sent via email from the government. The second proposed dates are those attached to government's Motion for Revised Scheduling Order As to Defendant Briscoe. Finally, the third proposed dates are attached as Exhibit 2.

sword of the death penalty lingers over the defendant's head).  In the context of speedy trial, the Supreme Court has noted a factor in considering a delay in trial is an interest in minimizing the anxiety and concern of the accused.  *See, Barker v. Wingo,* 407 U.S. 514 (1972).  So too, in consideration of the death penalty lingering over Mr. Briscoe's head, this Court should consider as prejudicial the gratuitous continuation of so important a deadline as this notice.  It is common sense that one who faces the ultimate punishment of death suffers more anxiety than one who does not.  The Second Circuit affirmed an unreported opinion in the Western District of New York in which the judge dismissed counts for a speedy trial violation noting prejudice as follows:

> As to the second interest—minimization of anxiety and concern of the accused—this Court has little trouble finding that Defendants were severely prejudiced. Defendants each experienced the common consequences of incarceration: separation from family; isolation; poor conditions of confinement; and distance from community; to name a few. Each of these causes anxiety and concern in their own right, particularly as the months turn to years. But Defendants here also suffered a graver source of anxiety and concern. For 1,043 days (more than 2 years and 10 months), Defendants arose each morning to face the specter of the death penalty anew. Facing execution by the state would cause even one with the strongest of constitutions anxiety and concern. Yet here, Defendants lacked even the benefit of certainty. They were instead left to wonder about the government's intentions and ponder the possibility of their executions, while the government took a rather cavalier approach to that prospect.

United States v. Green, No. 12-CR-83S (1)(2)(3), 2018 WL 786185, at *10 (W.D.N.Y. Feb. 8, 2018), aff'd sub nom. United States v. Black, 918 F.3d 243, 264-265 (2d Cir. 2019).

      6.      The government's request regarding a notice deadline is also not a reasonable request founded upon good cause.  A finding that the request is not reasonable is not new in this District.  In 2017 Chief Judge James K. Bredar had set a deadline for notice of the government's intention to seek the death penalty in *United States v. Elmin*

*Portillo Guiterrez*, 16-0259.  Chief Judge Bredar noted that the deadline was set pursuant to the requirement of reasonable notice set forth in 18 U.S.C. 3593(a).  The Court gave the government from August 23, 2017 to October 6, 2017 (less than 2 months) to give notice.  Upon request of the government, the notice deadline was moved to November 6, 2017.  In the Order attached as Exhibit 3, Chief Judge Bredar found that the government waived its right to proceed with the death penalty, even though the government filed a notice they did not intend to do so one day after the deadline.  The government in Mr. Briscoe's case has been on notice of the August 6 deadline for 5 months, but arguably much longer - two months longer than the notice deadline in the *Portillo Guiterrez* case.

WHEREFORE, the Defendant requests that the proposed scheduling dates provided in the Second Proposed Revisions to Scheduling Order be imposed BUT FOR changing the current August 6, 2021 deadline to file notice of its intention to seek the death penalty.  Mr. Briscoe requests the government's motion with respect to the August 6, 2021 deadline be denied.

Respectfully submitted,

*Teresa Whalen*

_____
Teresa Whalen, Esquire
Federal Bar No.: 25245
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905

Law Office of Purpura & Purpura
William B. Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No: 00074